UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JASON JEREMY OHM,<br><br>                    Defendant. | Case No. 3:18-cr-00012-HDM-WGC<br>   Case No. 3:20-cv-00360-HDM<br><br><br>ORDER |

Before the court is defendant Jason Jeremy Ohm's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 28). The government has responded (ECF No. 30), and Ohm has replied (ECF No. 31).

On January 31, 2018, Ohm was charged by way of indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1). Pursuant to an agreement, Ohm entered a plea of guilty to the charge. (ECF Nos. 16 & 18). The court thereafter sentenced Ohm to 57 months in prison. (ECF Nos. 23 & 24).

Section 922(g) prohibits the possession of a firearm by several categories of persons, including any person who has been convicted in any court of a crime punishable by a term of more than one year in prison. 18 U.S.C. § 922(g)(1). At the time of his conviction, Ohm had 2 prior felony convictions, including battery with a deadly weapon, for which he received a five-year sentence, and ex-felon in possession of a firearm, for which he received a sentence of twelve to thirty months. When Ohm was charged and entered his plea in this case, the government was not required to

1

1   prove that he knew he was a felon. *United States v. Enslin*, 327
2   F.3d 788, 798 (9th Cir. 2003). But after Ohm was sentenced, the
3   U.S. Supreme Court concluded that a defendant may be convicted
4   under § 922(g) only if the government proves that the defendant
5   "knew he belonged to the relevant category of persons barred from
6   possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191,
7   2200 (2019). On the basis of *Rehaif* and the government's failure
8   to charge his knowledge of status, Ohm now moves to vacate his
9   conviction.

10       Pursuant to 28 U.S.C. § 2255, a federal inmate may move to
11  vacate, set aside, or correct his sentence if: (1) the sentence
12  was imposed in violation of the Constitution or laws of the United
13  States; (2) the court was without jurisdiction to impose the
14  sentence; (3) the sentence was in excess of the maximum authorized
15  by law; or (4) the sentence is otherwise subject to collateral
16  attack. *Id.* § 2255(a).

17       Ohm argues that the omission of the *Rehaif* element from the
18  indictment violated his Fifth Amendment rights guaranteeing that
19  a grand jury find probable cause to support all the necessary
20  elements of the crime and to not be tried on a fatally defective
21  indictment and his Sixth Amendment rights to notice of the charges
22  and effective assistance of counsel. He also alleges that the
23  defective indictment deprived the court of jurisdiction. The
24  government asserts that Ohm has waived his right to bring these
25  claims, that his claims are procedurally defaulted, and that the
26  government is not required to prove the defendant knew his
27  possession of firearms was unlawful.

28

As part of his plea, Ohm "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 16 at 11). Such "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Espinoza*, 816 Fed. App'x 82, 85 (9th Cir. June 1, 2020) (unpublished disposition) (unconditional plea waiver precludes all Fifth and Sixth Amendment claims except to the extent they contest the court's jurisdiction or the voluntariness of the plea). Thus, except to the extent Ohm attacks the jurisdiction of the court and asserts deprivation of effective assistance of counsel,[1] his claims are waived.[2]

Ohm's jurisdictional argument is without merit. The omission of an element from the indictment does not affect the court's jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Ratigan*, 351 F.3d 957, 962-63 (9th Cir. 2003); *see also United States v. Jackson*, 2020 WL 7624842, at *1 (9th Cir. Dec. 22, 2020) (unpublished disposition) (rejecting the defendant's argument that omission of the *Rehaif* element deprived

---

[1] Ohm does not attack the voluntariness of his plea.

[2] The court agrees with the well-reasoned opinions of several courts that none of the exceptions under *Tollett* to the collateral challenge waiver applies in this case. *See, e.g., United States v. Kelbch*, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021).

3

1  the district court of jurisdiction); *United States v. Burleson*,

2  2020 WL 4218317, at *1 (July 23, 2020) (unpublished disposition)

3  (same); *Espinoza*, 2020 WL 2844542, at *1 (same); *United States v.*

4  *Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v.*

5  *Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Balde*,

6  943 F.3d 73, 88-92 (2d Cir. 2019); *United States v. Burghardt*, 939

7  F.3d 397, 402 (1st Cir. 2019). *Cf. United States v. Singh*, 979

8  F.3d 697, 730 (9th Cir. 2020) (on direct appeal, reviewing omission

9  of *Rehaif* element from indictment for plain error). The indictment

10  otherwise sufficiently states a criminal offense: possession of a

11  firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

12      Moreover, to the extent they are not otherwise waived, Ohm's

13  claims are procedurally defaulted.

14      "If a criminal defendant could have raised a claim of error

15  on direct appeal but nonetheless failed to do so, he must

16  demonstrate" either "cause excusing his procedural default, and

17  actual prejudice resulting from the claim of error," *United States*

18  *v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is

19  actually innocent of the offense, *Bousley v. United States*, 523

20  U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal

21  ordinarily requires a showing of some external impediment

22  preventing counsel from constructing or raising the claim." *Murray*

23  *v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires

24  the petitioner to establish 'not merely that the errors at ...

25  trial created a possibility of prejudice, but that they worked to

26  his actual and substantial disadvantage, infecting his entire

27  trial with error of constitutional dimensions.'" *Bradford v.*

28

4

1 | *Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation

2 | omitted).

3 |     Ohm could have raised his claims on direct appeal but did not

4 | do so. They are therefore procedurally defaulted. It is unnecessary

5 | to resolve whether Ohm can demonstrate cause for the default,

6 | because even if he could, he cannot demonstrate prejudice.[3]

7 |     Ohm committed the instant offense after receiving a five-year

8 | sentence for battery with a deadly weapon and a twelve- to thirty-

9 | months sentence for possession of a firearm by an ex-felon. (PSR

10 | ¶¶ 32 & 45). Further, Ohm acknowledged in his plea agreement that

11 | he had been previously convicted of a felony. (ECF No. 16 at 3-

12 | 5). Finally, and most importantly, Ohm acknowledged during his

13 | plea colloquy both that he possessed the firearm after having

14 | sustained a prior felony conviction *and* that he was aware at the

15 | time of his offense that he was not allowed to possess a firearm.

16 | In light of Ohm's admissions that he knew he was a convicted felon

17 | and that he was prohibited from possessing firearms, combined with

18 | his criminal history, the court is not persuaded that the outcome

19 | of the proceedings would have been any different had the grand

20 | jury been presented with, and the indictment had alleged, the

21 | *Rehaif* element. He thus suffered no prejudice from the omission of

22 | the *Rehaif* element.[4]

23 |     Ohm argues that he suffered prejudice because he was convicted

24 | by a court lacking jurisdiction. For the reasons previously

25 |

26 | ―――――――――――――
[3] Ohm does not argue actual innocence.

27 | [4] To the extent Ohm has asserted an effective assistance of counsel
28 | claim, the claim fails on the same grounds.

5

1 discussed, this argument is without merit because the errors Ohm

2 complains of did not deprive the court of jurisdiction.

3 Ohm alternatively argues that he is not required to

4 demonstrate prejudice to obtain relief because the omission is

5 structural error.

6 "[C]ertain errors, termed structural errors, might affect

7 substantial rights regardless of their actual impact on an

8 appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263

9 (2010) (internal punctuation and citations omitted). Thus,

10 structural error "warrant[s] habeas relief without a showing of

11 specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063–

12 64 (9th Cir. 2011). "But structural errors are a very limited class

13 of errors that affect the framework within which the trial

14 proceeds, such that it is often difficult to assess the effect of

15 the error." *Marcus*, 560 U.S. at 263 (internal punctuation and

16 citations omitted). Cases in which the Supreme Court has found

17 structural error include total deprivation of counsel, lack of an

18 impartial trial judge, violation of the right to a public trial

19 and an erroneous reasonable-doubt instruction. *See id.* (discussing

20 cases). In contrast, errors that have been found to be non-

21 structural include where the court instructed on an invalid

22 alternative theory of guilt, gave an instruction omitting an

23 element of the offense, or erroneously instructed the jury on an

24 element. *Id.* at 264 (discussing cases).

25 The Ninth Circuit has not yet addressed in a published opinion

26 whether omission of the *Rehaif* element from the indictment is

27 structural error. But it has held that the error is not structural

28 in at least one unpublished decision. *See United States v. Jackson*,

6

1   2020 WL 7624842, at *1 n.1 (9th Cir. Dec. 22, 2020). And the First,

2   Third, Fifth, Seventh, Eighth, and Tenth Circuits have concluded

3   that *Rehaif* errors are not structural. *United States v. Patrone*,

4   985 F.3d 81, 86 (1st Cir. 2021); *United States v. Nasir*, 982 F.3d.

5   144, 171 n.30 (3d Cir. Dec. 1, 2020); *United States v. Lavalais*,

6   960 F.3d 180, 187 (5th Cir. 2020); *United States v. Payne*, 964

7   F.3d 652, 657 (7th Cir. 2020); *United United States v. Coleman*,

8   961 F.3d 1024, 1030 (8th Cir. 2020); *States v. Trujillo*, 960 F.3d

9   1196, 1207 (10th Cir. 2020); *see also United States v. Hill*, 2020

10  WL 7258551, at *2 n.3 (3d Cir. Dec. 10, 2020) (unpublished

11  disposition); *United States v. Watson*, 820 Fed. App'x 397, 400

12  (6th Cir. 2020) (unpublished disposition). *But see United States

13  v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020). This court agrees with

14  the well-reasoned opinions of these courts and concludes that a

15  *Rehaif* error does not fall within the limited class of errors the

16  Supreme Court has found to be structural.[5]

17      Finally, Ohm argues that *Rehaif* requires the government to

18  prove not only that he knew that he was a convicted felon but also

19  that he knew he was barred from possessing firearms.

20  Notwithstanding the fact that Ohm admitted to the court that he

21

22  [5] While there is some case law holding that defects in the
    indictment are structural error, those cases apply only where the
23  claim is timely raised. *See, e.g.*, *United States v. Du Bo*, 186
    F.3d 1177, 1179 & 1180 n.3 (9th Cir. 1999) ("We hold that, if
24  properly challenged prior to trial, an indictment's complete
    failure to recite an essential element of the charged offense is
25  not a minor or technical flaw subject to harmless error analysis,
    but a fatal flaw requiring dismissal of the indictment. . . .
26  Untimely challenges to the sufficiency of an indictment are
    reviewed under a more liberal standard."). Ohm argues that he
27  raised his argument at the earliest possible opportunity and so
    the timeliness limitation does not apply. The court does not agree.
28  Ohm could have challenged the indictment well before now. The claim
    is not timely raised.

7

1  knew he was barred from possessing a firearm, Ohm's legal argument

2  is also without merit. *United States v. Singh*, 979 F.3d 697, 727

3  (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires

4  the Government to prove he knew not only his status, but also that

5  he knew his status prohibited him from owning a firearm. But this

6  interpretation is not supported by *Rehaif* . . . .").

7       Accordingly, because the claims raised in Ohm's § 2255 motion

8  are waived, procedurally defaulted and/or without merit, IT IS

9  THEREFORE ORDERED that the motion to vacate, set aside or correct

10  sentence (ECF No. 28) is hereby DENIED.

11      IT IS FURTHER ORDERED that Ohm is DENIED a certificate of

12  appealability, as jurists of reason would not find the court's

13  denial of the motion to be debatable or wrong.

14      The Clerk of Court shall enter final judgment accordingly.

15      IT IS SO ORDERED.

16      DATED: This 29th day of March, 2021.

17

18                          _____

19                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

8